**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: JANUARY 2021 SHORT SQUEEZE TRADING LITIGATION | MDL Docket No. 2989<br><br>Associated Case: 21-CV-758 (N.D. Cal.) |

**PLAINTIFFS PATRYK KRASOWSKI'S AND NICK PARKER'S BRIEF IN RESPONSE TO PLAINTIFFS' MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. SECTION 1407**

**INTRODUCTION**

Plaintiffs Patryk Krasowski and Nick Parker[1] hereby file this response to Plaintiffs' Motion For Transfer of Actions Pursuant to 28 U.S.C. § 1407 to the United States District Court for the Northern District of California.[2] Plaintiffs Krasowski and Parker filed their action in that court and support transfer of all of the actions subject to this MDL that were filed elsewhere to that District.

The greatest concentration of the **49 cases** subject to this MDL have been filed in the Northern District of California. In comparison to the 13 cases filed there, no more than 5 cases have been filed in any other jurisdiction and only 1 or 2 cases were filed in the vast majority of the other jurisdictions where cases subject to this MDL were filed.[3] There is good reason why the cases have been concentrated in the Northern District of California. Robinhood is headquartered in that District and the Robinhood entities are central defendants in virtually every case. The strongest nexus these actions have is therefore to the Northern District of California.

Further, all the cases filed in other jurisdictions have significant overlap of claims, parties, and facts with the cases already on file in the Northern District of California. As a result, centralization in the most appropriate court – Northern District of California – is also necessary

---

[1] These plaintiffs (hereinafter, the "*Krasowski* plaintiffs") are the plaintiffs in *Krasowski, et al. v. Robinhood Financial LLC, et al.*, 21-CV-758 (JST) (N.D. Cal. Jan. 29, 2021).

[2] The plaintiffs who filed this motion (hereinafter, the "*Cheng* plaintiffs") are the plaintiffs in *Cheng et al. v. Ally Financial Inc. et al.*, Case No. 21-CV-781 (MMC) (N.D. Cal. Feb. 1, 2021).

[3] In addition, the Derek Smith Law Group filed essentially the same case in the Northern District of California that it filed in five other jurisdictions. It filed the only case in the Eastern District of Pennsylvania, filed one of two cases filed in the District of New Jersey, Southern District of New York and District of Connecticut and filed one of the four cases on file in the Southern District of Florida. This firm therefore cannot present any valid reason for the MDL cases to be assigned anywhere other than the Northern District of California.

to prevent duplicative discovery and inconsistent rulings, as well as to preserve judicial resources, as well as the burden on the numerous defendants who would otherwise have to defend against all the cases across the country in roughly 19 different federal district courts.

For all the reasons explained herein, and in the *Cheng* plaintiffs' Motion, the Panel should centralize all related actions in the Northern District of California, and do so either before Judges Jon S. Tigar and/or Yvonne Gonzalez Rogers, the District Court Judges who have each been assigned, to date, to two of the Northern District of California cases.[4]

## ARGUMENT

### I. Transfer and Consolidation of The Cases Is Appropriate Here

"When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). As explained in further detail in the *Cheng* plaintiffs' brief in support of their motion for transfer, (ECF No. 1-1 at 3-5), all the cases here allege some harm as a result of the purchase restrictions that were imposed during the week of January 25, 2021 by the Robinhood defendants and certain other entities, which caused the Classes in the cases (comprising almost exclusively, but not limited to, retail investors) to suffer harm due to their inability to make purchases of one or more of the Restricted Securities.[5] Many of the

---

[4] Magistrate Judges remain assigned to six of the Northern District of California actions.

[5] The Restricted Securities are: **AAL** (American Airlines Group Inc.), **AMC** (AMC Entertainment Holdings Inc.), **BB** (Blackberry Ltd.), **BBBY** (Bed Bath & Beyond Inc.), **CTRM** (Castor Maritime Inc.), **EXPR** (Express, Inc.), **GME** (GameStop Corp.), **KOSS** (Koss Corporation), **NAKD** (Naked Brand Group Ltd.), **NOK** (Nokia Oyj), **SNDL** (Sundial Growers Inc.), **TR** (Tootsie Roll Industries, Inc.), and **TRVG** (Trivago NV – ADR). Though some of the cases leave out some of these securities from their case or class definition, there is overlap among all cases with at least one or more of these securities.

2

complaints filed assert the same exact causes of action but even the ones that do not have significant overlap with these common facts.

Transfer and consolidation is also appropriate when it is "for the convenience of parties and witness" and "promote[s] the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). This requirement is typically met where it has been shown that transfer and consolidation "will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification and *Daubert* motions; and conserve the resources of the parties, their counsel, and the judiciary." *In re Google Antitrust Litig.*, No. MDL No. 2981, 2021 U.S. Dist. LEXIS 21955, at *5 (J.P.M.L. Feb. 5, 2021).

Here, there is a total of 49 cases filed across roughly 19 different federal district courts. Centralized proceedings would "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re VA Data Theft Litig.*, 461 F. Supp. 2d 1367, 1368 (J.P.M.L. 2006).

## II. The Northern District of California is the Most Appropriate Transferee Court

The Panel generally looks to various factors when determining the appropriate transferee court, such as where the most cases have been filed, where most defendants are located, the experience and capacity of a given transferee court/judge, where most of the common facts occurred, and where the cases have most progressed. Manual for Complex Litigation (Fourth) § 20.131.

Given that a plurality of cases filed thus far are in the Northern District of California, the Panel should designate that District as the most appropriate transferee court. *See, e.g.*, *In re Google Antitrust Litig.*, No. MDL No. 2981, 2021 U.S. Dist. LEXIS 21955, at *5 (J.P.M.L. Feb. 5, 2021); *In re Conseco Life Ins. Co. Cost of Ins. Litig.*, 323 F. Supp. 2d 1381, 1383 (J.P.M.L. 2004).

Additionally, as explained in the *Cheng* plaintiffs' brief in support of their motion for transfer, (ECF No. 1-1 at 9), a plurality of defendants named in the cases have their principal place of business in the Northern District of California, which is a factor in favor of selecting it as a transferee court. *See In re VA Data Theft Litig.*, 461 F. Supp. 2d at 1369. And though some defendants and other relevant witnesses may be located in other parts of the country and discovery may need to be sought from them, this does not diminish the appropriateness of the Northern District of California because many of the important discovery burdens (such as depositions) are generally incurred at or near the place of residence of a witness. *See* Fed. R. Civ. P. 45(d)(2). Moreover, the ongoing pandemic may require remote video depositions into the future. And given that transfer and consolidation is for pre-trial purposes only, all the cases will proceed in the jurisdiction they were filed in if the case proceeds to trial. *See generally Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34 (1998).

Further, at least one of the defendants, Robinhood, has sought to relate all the Northern District of California cases to either the Oakland or San Francisco Divisions. *See Wieg v. Robinhood Financial LLC, et al.*, 21-CV-693 (LB), ECF No. 14 (N.D. Cal.). In its motion, Robinhood has also represented that most or all the relevant witness are located in the Northern District of California. *See id.*

The Northern District of California is also convenient for travel of the parties and their counsel, to the extent that will even happen during the pendency of the cases due to the COVID-19 pandemic.

Lastly, though the Northern District of California cases have not yet been deemed related and assigned a single judge, Judges Jon S. Tigar and Yvonne Gonzalez Rogers have been assigned to more cases filed in that District that are subject to this MDL than any other District Court Judge that has been assigned to a case. In many cases, a Magistrate Judge remains

assigned as no District Judge has been assigned or even requested to be assigned. Both Judges are highly qualified to handle this MDL. Each Judge has only one pending MDL presently assigned to them. Judge Tigar is currently presiding over *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, having taken over the case from the Honorable Samuel Conti in 2015. Judge Tigar's MDL is substantially narrowed with a few ancillary defendants remaining given a number of settlements reached in the case that have already been approved. Judge Rogers is currently presiding over *In re United Specialty Insurance Company Ski Pass Insurance Litigation*, MDL-2975, which was recently assigned to her in October 2020. Both cases have been pending long enough to have given these judges adequate experience such that handling this MDL would be feasible. *See In re Google Antitrust Litig.*, 2021 U.S. Dist. LEXIS 21955, at *6 (assigning Judge Donato, who at the time had only one MDL assigned to him, and previously had handled only one other MDL). Additionally, both Judges Tigar and Rogers have been on the bench for nearly 10 years, which favors them handling an MDL. *See In re Oil Spill by the Oil Rig "DeepWater Horizon"*, 731 F. Supp. 2d 1352, 1355 (J.P.M.L. 2010) (noting Judge Carl J. Barbier's "twelve years on the bench" and "considerable MDL experience").

## CONCLUSION

For the foregoing reasons, the Panel should transfer and consolidate all the actions in the Northern District of California, either before Judge Tigar or Judge Rogers.

Dated: March 1, 2021

| **KLAFTER LESSER LLP** | **CERA LLP** |
|---|---|
| By: /s/ *Jeffrey A. Klafter*<br>　　Jeffrey A. Klafter | By: /s/ *Solomon B. Cera*<br>　　Solomon B. Cera |
| JEFFREY A. KLAFTER<br>AMIR ALIMEHRI<br>2 International Drive, Suite 350<br>Rye Brook, New York 10573<br>Telephone: +1 (914) 934-9200<br>Fax: +1 (914) 934-9220<br>Email: jak@klafterlesser.com<br>Email: amir.alimehri@klafterlesser.com | SOLOMON B. CERA (Bar No. 099467)<br>PAMELA A. MARKERT (Bar No. 203780)<br>595 Market St. Suite 1350<br>San Francisco, CA 94105<br>Telephone: +1 (415) 777-2230<br>Fax: +1 (415) 777-5189<br>Email: scera@cerallp.com<br>Email: pmarkert@cerallp.com |
| *Counsel for Plaintiff Patryk Krasowski* | *Counsel for Plaintiff Nick Parker* |