BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: January 2021 Short Squeeze Trading Litigation | MDL No. 2989 |

**REPLY BRIEF OF SCHWAB AND TDA DEFENDANTS REGARDING
MOTION FOR TRANSFER OF PLAINTIFFS CHENG AND STERLING**

Theodore J. Boutrous, Jr.
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071
Phone: (213) 229-7804
Fax: (213) 229-6804
tboutrous@gibsondunn.com

Jason J. Mendro
Russell B. Balikian
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Phone: (202) 887-3726
Fax: (202) 530-9626
jmendro@gibsondunn.com
rbalikian@gibsondunn.com

*Counsel for Charles Schwab & Co., Inc.; TD Ameritrade, Inc.; TD Ameritrade Clearing, Inc.;
TD Ameritrade Holding Corporation; and The Charles Schwab Corporation*

Defendants Charles Schwab & Co., Inc., TD Ameritrade, Inc., TD Ameritrade Clearing, Inc., TD Ameritrade Holding Corporation, and The Charles Schwab Corporation (collectively, "Schwab and TDA") respectfully submit this reply brief in further support of centralization and transfer to the Middle District of Florida.

The vast majority of the parties agree that the cases listed in the Amended Schedule of Actions, Dkt. 6, as well as the tag-along actions identified by other parties, *e.g.*, Dkts. 66-1, 166, 228 (collectively, the "Related Actions"), should be centralized in a single district. Indeed, of the 37 unique submissions (responses or argument notices) addressing centralization, 33 of them—accounting for 82 parties total—support transfer to a single judicial district. Centralizing these dozens of Related Actions into a single district will facilitate the efficient resolution of these claims. There is no colorable argument to the contrary. The untimely response submitted by the *Lagmanson* plaintiffs presents none. *See* Dkt. 189 (filed Mar. 2, 2021). To the extent the Panel considers this filing at all, *cf.* Dkt. 4 (extensions of time generally disallowed), it is most notable for its acknowledgment that "the general factual basis for [the *Lagmanson*] Complaint" against TDA, Robinhood, and E*Trade is "similar to many of the others that parties are seeking to have consolidated." Dkt. 189, at 1. Accordingly, there can be no colorable dispute that transferring *Lagmanson* along with all the other Related Actions would promote "the convenience of parties" and "the just and efficient conduct" of that case, and the plaintiffs offer no cogent reason why centralization would otherwise prove problematic or unworkable. *See* 28 U.S.C. § 1407(a).[1]

---

[1] Plaintiffs in a small handful of other cases also oppose centralization in whole or part. *See* Dkts. 126, 127, 130, 163 (joint response); Dkt. 158; Dkt. 172. These cases also appear to be duplicative of the other Related Actions. Schwab and TDA are not named defendants in those cases, however, and do not address them specifically for that reason.

1

There is broad consensus among defendants that centralization in the Middle District of Florida would be appropriate. Dkt. 164, at 8-11 ("Schwab/TDA Response"); *see also* Dkt. 177, at 8-9 (Robinhood); Dkt. 179, at 7-8 (Apex); Dkt. 181, at 1 (Melvin); Dkt. 182, at 1 (Candlestick); Dkt. 119, at 1 (Ally); Dkt. 147, at 1 (Stash); Dkt. 154, at 1 (Tastyworks/Dough). As Schwab and TDA explained, the Middle District of Florida is an appropriate and practical transferee venue because it has the second-highest number of Related Actions pending before it, while also having just two ongoing multidistrict litigations ("MDLs") and a light overall caseload. *See* Schwab/TDA Response 8-11.[2] Its comparatively manageable caseload distinguishes the Middle District of Florida from the Northern District of California and the Northern District of Illinois. *Id.* Moreover, defendant Robinhood Securities, LLC is located in the Middle District of Florida, giving the Middle District an important connection to the events at issue. *See* Dkt. 177, at 8-9.

Several plaintiffs also recognize that Florida is a natural place for the case to proceed. One set of plaintiffs, for example, argues that "*all* of the actions, including the California actions, stem from conduct that took place in Florida"—a reference to Lake Mary, Florida, which is located in the Middle District. Dkt. 138, at 2-4. Another set of plaintiffs similarly contends that key decisionmakers and witnesses "are actually located in Florida," again referring to Lake Mary. Dkt. 126, at 6. These plaintiffs are correct in recognizing that Florida is a sensible venue for this litigation.

Although many plaintiffs advocate for transfer to the Northern District of California, they do not account for significant drawbacks to that jurisdiction. *E.g.*, Dkt. 101, at 1-5; Dkt. 113-2, at

---

[2] In addition to the four Middle District of Florida cases listed in Movants' Amended Schedule of Actions, Dkt. 6, Robinhood's Notice of Potential Tag-Along Actions lists *Zelewski v. Robinhood Mkts., Inc.*, 21-cv-329 (M.D. Fla.), *see* Dkt. 166, for a total of five cases pending in the Middle District of Florida.

1-2; Dkt. 116, at 1; Dkt. 132, at 6-7; Dkt. 153, at 9-12.  For example, they gloss over its large volume of pending MDLs—the most of any venue in the country.  *See* Schwab/TDA Response 9-10.  They also overlook its more congested docket overall.  *Id.* at 10.

Many plaintiffs premise their argument for the Northern District of California in part on the number of defendants based there, erroneously asserting that The Charles Schwab Corporation is headquartered in San Francisco.  *See* Dkt. 128, at 2 n.2; Dkt. 132, at 7; Dkt. 153, at 9.  In fact, The Charles Schwab Corporation—*i.e.*, the parent corporation for all of the Schwab and TDA subsidiary entities—moved its headquarters to Westlake, Texas, effective January 1, 2021.  *See* The Charles Schwab Corporation, Form 10-K (filed Feb. 24, 2021).[3]  At all relevant times, therefore, The Charles Schwab Corporation was headquartered in Texas.[4]

Finally, requests to centralize these cases in the District of Columbia, *see* Dkt. 128, at 2-4, or the Eastern District of New York, *see* Dkt. 159, at 8-11, are not persuasive.  None of the Related Actions has been filed in the District of Columbia, and the lone plaintiffs who propose this forum do not suggest that it has a relevant nexus to the events at issue.  *See* Dkt. 128, at 2-4.  Meanwhile, the Eastern District of New York, like the Northern District of California and the Northern District of Illinois, has a high overall caseload.  *See* Schwab/TDA Response 10-11.  As of September 2020, the Eastern District of New York had 809 pending cases per judgeship, and a median time from filing to disposition for civil cases of 8.6 months—comparable to the Northern District of California's 870 cases per judgeship and 11.4 months to disposition, and the Northern District of Illinois's 714 cases per judgeship and 10.6 months to disposition.  *See* Administrative Office of the U.S.

---

[3] Available at https://www.sec.gov/ix?doc=/Archives/edgar/data/316709/000031670921000012/schw-20201231.htm.

[4] Several defendants also support centralization in the Southern District of Texas.  Schwab and TDA agree that this would be an appropriate venue for the reasons set forth by Apex, Dkt. 179.

Courts, *U.S. District Courts – Federal Court Management Statistics – Comparison Within Circuit* (Sept. 30, 2020).[5] By contrast, the Middle District of Florida had 584 pending cases per judgeship, and a median disposition time of just 6.2 months. *Id.* The Middle District of Florida also has more pending Related Actions than the Eastern District of New York (five versus one, respectively), *see* Dkts. 6, 66-1, 166, 228, and it has a less-congested docket of ongoing MDLs (two versus five).[6]

For these reasons and those stated in the Schwab/TDA Response, the Panel should consolidate the Related Actions, including the tag-along actions listed at Dkts. 66-1, 166, and 228, and transfer the consolidated actions to the Middle District of Florida for pretrial proceedings.

Dated:  March 5, 2021

Respectfully submitted,

/s/ Jason J. Mendro
Jason J. Mendro
  *Counsel of Record*

Theodore J. Boutrous, Jr.
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071
Phone: (213) 229-7804
Fax: (213) 229-6804
tboutrous@gibsondunn.com

Jason J. Mendro
Russell B. Balikian
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Phone: (202) 887-3726
Fax: (202) 530-9626
jmendro@gibsondunn.com
rbalikian@gibsondunn.com

*Counsel for Charles Schwab & Co., Inc.; TD Ameritrade, Inc.; TD Ameritrade Clearing, Inc.; TD Ameritrade Holding Corporation; and The Charles Schwab Corporation*

---

[5] Available at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0930.2020.pdf.

[6] *See* JPML, *MDL Statistics Report – Distribution of Pending MDL Dockets by District*, https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-February-17-2021.pdf (Report Date: Feb. 17, 2021).